
**FILED**

**October 19, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:51 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**(HEARD OCTOBER 11, 2017, AT KNOXVILLE)**

| | |
|---|---|
| Shane Tapley | ) Docket No. 2016-05-1050 |
| | ) |
| v. | ) State File No. 99006-2015 |
| | ) |
| Transport National, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

**Affirmed and Remanded – Filed October 19, 2017**

---

In this interlocutory appeal, the employer asserts the trial court erred in not designating a certain physician as an "authorized treating physician" and in not acknowledging a referral from an authorized physician as a "direct referral" for "pain management" pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) (2016) or Tennessee Code Annotated section 50-6-204(j). Upon careful consideration of the record and the statutes at issue, we affirm the decision of the trial court and remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

A. Allen Grant, Nashville, Tennessee, for the employer-appellant, Transport National

Michael Fisher, Nashville, Tennessee, for the employee-appellee, Shane Tapley

**Factual and Procedural Background**

Shane Tapley ("Employee"), a forty-eight-year-old resident of Franklin County, Tennessee, worked for Transport National ("Employer") as a truck driver and loader. On December 16, 2015, he suffered pain in his left knee after stepping through a rotten deck board on a loading dock. Employer accepted his claim as compensable, and Employee received authorized medical treatment with Dr. Martin Fiala. Following an examination

and diagnostic testing, Dr. Fiala diagnosed "traumatic degenerative changes," a lateral meniscus tear related to the work accident, and pre-existing arthrosis in the knee. Employee underwent surgery to repair the torn meniscus and remove loose bodies in the knee. Thereafter, according to Dr. Fiala's March 11, 2016 report, Employee's progress was "not encouraging." Over the next several months, although Employee was released to return to work, he continued to experience significant symptoms in his knee.

On January 10, 2017, Employee underwent a total knee arthroplasty. In a March 22, 2017 report, Dr. Fiala noted the joint replacement was in "good condition," but Employee continued to report significant pain. In an April 12, 2017 report, Dr. Fiala discussed the possibility that Employee was suffering from complex regional pain syndrome ("CRPS") and recommended that Employee be referred to Dr. Jeffrey Hazlewood "to help aseess [sic] and make RX rec and help manage if he agreed with CRPS." Significantly, the report also stated, "FU 1 mo or as soon as approved and consult with Hazelwood [sic] complete."

Employer scheduled an appointment for Employee to see Dr. Hazlewood, but Employee objected and instead requested a panel of pain management specialists. When no agreement could be reached on this issue, Employee filed a petition for benefit determination and, following the issuance of a dispute certificate notice, a motion to compel a panel of physicians. In the meantime, Employee consented to see Dr. Hazlewood because, according to Employee, Employer threatened to terminate his benefits if he missed the appointment. Nevertheless, Employee continued to pursue his motion to compel Employer to provide a panel of pain management specialists.

Following a motion hearing, the trial court concluded that: (1) Dr. Fiala's request for a "consult" with Dr. Hazlewood did not constitute a referral for pain management pursuant to Tennessee Code Annotated section 50-6-204(j); (2) Dr. Fiala did not express any intent to "transfer care" of Employee to another physician; and (3) Dr. Fiala did not make a "direct referral" to Dr. Hazlewood. Consequently, the trial court did not order Employer to provide a panel of pain management specialists. Employer has appealed, arguing the trial court erred in not finding that a "pain management" referral occurred, not finding a "direct referral" from Dr. Fiala to Dr. Hazlewood, and not identifying Dr. Hazlewood as an "authorized treating physician."

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No.

2

M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

The Tennessee Workers' Compensation law contains several statutory provisions governing medical benefits. First, Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide injured workers "such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Second, injured workers are required to "accept the medical benefits afforded under this section; provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).[1]

In addition, there are several statutory provisions regarding medical referrals. Pertinent to this case, section 50-6-204(a)(3)(A)(ii) states that, when appropriate, a "treating physician selected in accordance with this subdivision (a)(3)(A) shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer." When such a referral is made, "[t]he employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). Moreover, the statute provides that in such cases where the employer provides a panel, "the employee may choose a specialist, physician, surgeon, chiropractor or specialty practice group *to provide treatment* only from the panel provided by the employer. *Id.* (emphasis added).

Finally, section 50-6-204(j) addresses medical referrals in a particular subset of cases, where the treating physician "determines that pain is persisting for an injured or disabled employee beyond an expected period for healing." Tenn. Code Ann. § 50-6-204(j)(1). In such circumstances, the treating physician may either undertake such care

---

[1] We also note that the law affords a presumption of correctness to medical causation opinions offered by treating physicians who are "selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3)." Tenn. Code Ann. § 50-6-102(14)(E) (2016).

himself or herself, or "refer such injured or disabled employee *for pain management* encompassing pharmacological, nonpharmacological and other approaches to manage chronic pain." *Id.* (emphasis added). If such a referral is made, the employee is entitled to a panel of pain management specialists as provided in section 50-6-204(j)(2)(A).

The determinative issue in this case is whether Dr. Fiala, in requesting a "consult" with Dr. Hazlewood, made a referral for pain management treatment as contemplated in section 50-6-204(j)(1) and/or made a "direct referral" to a specific physician pursuant to section 204(a)(3)(A)(ii).[2] Although both parties stated during the motion hearing that Dr. Fiala's request for a consult with Dr. Hazlewood constituted a referral for pain management, the trial court disagreed, concluding instead that no such referral had been made.[3] As a result, the trial court found it unnecessary to rule on Employee's motion to compel a panel of pain management specialists or to address the arguments of counsel regarding the correct interpretation of the various statutes concerning medical referrals. We agree with the trial court.

The term "referral" is defined in neither the statutes nor the Medical Treatment Guidelines contained in Tenn. Comp. R. & Regs. 0800-02-25 (2016). Thus, we must consider the plain and ordinary meaning of that term. *See Maupin v. Methodist Med. Ctr.*, No. E1999-02181-WC-CV, 2000 Tenn. LEXIS 102, at *4 (Tenn. Workers' Comp. Panel Mar. 2, 2000) ("In construing a statute, proper interpretations should give effect to the entire statute by giving its words their natural and ordinary meaning."). According to Black's Law Dictionary, the term "referral" means "[t]he act or an instance of sending or directing to another for information, service, consideration, or decision." Black's Law Dictionary (10th ed. 2014). Merriam-Webster defines "referral" as "the process of directing or redirecting (as a medical case of a patient) to an appropriate specialist or agency for definitive treatment." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/referral#medicalDictionary (last visited Oct. 19, 2017). It is equally important to consider the plain and ordinary meaning of any particular statutory language in the broader context of the statute in which it resides. *See, e.g.*, *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) ("[B]ecause [the words in a statute] are known by the company they keep, courts must also construe these words in the context in which they appear in the statute and in light of the statute's general purpose.").

In the present case, Employer argues that the phrase "shall make referrals to a specialist physician" as used in subsection 204(a)(3)(A)(ii) does not specify the type of referral being described; therefore, in Employer's view, all referrals, whether for treatment, evaluation, consultation, or for any other reason, are governed by this statute.

---

[2] Employer describes subsection 204(a)(3)(A)(ii) as the "direct referral statute," although that phrase does not appear in the statute itself.

[3] During the motion hearing, Employee offered an alternative argument that if Dr. Fiala did not make a referral for pain management, he had requested a "second opinion."

Employer further asserts that "it would appear quite obvious that a referral would be made by a treating physician when he or she sends or directs a patient to another medical doctor *for further evaluation or treatment*, as was the case in this instance."

However, Employer's argument implicitly asks us to ignore the rest of that subsection, which states that in circumstances where an employer provides a panel in response to a referral from an authorized physician, the employee "may choose a specialist physician . . . *to provide treatment* only from the panel provided by the employer." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (emphasis added). The words "opinion," "consultation," or "evaluation" appear nowhere in subsection 204(a)(3)(A)(ii). Thus, when the language on which Employer relies is read in context and in its entirety, it is reasonable to conclude that it is when an authorized physician makes a referral to a specialist physician *for treatment* that the terms of subsection 204(a)(3)(A)(ii) control.[4]

Here, Dr. Fiala used both "referral" and "consult" in his April 12, 2017 report. Although he sought Dr. Hazlewood's opinion as to whether Employee suffered from CRPS, he conditioned his request for assistance in the treatment of Employee's case on Dr. Hazlewood's agreement with that potential diagnosis. This interpretation is further supported by Dr. Fiala's request that Employee return to his office the following month or as soon as a "consult with Hazelwood [sic] [is] complete," indicating he did not intend, as of that date, to end active treatment or transfer Employee's care to another physician. Therefore, we agree with the trial court that Dr. Fiala's April 12, 2017 report, on which both parties relied, did not constitute a referral for pain management treatment as described in Tennessee Code Annotated section 50-6-204(j)(1) and did not fall within subsection 204(a)(3)(A)(ii).

## Conclusion

Based on the foregoing, we affirm the trial court's determination and remand the case for any further proceedings that may be necessary.

---

[4] We offer no opinion on what the word "treatment" encompasses, but we conclude that, based on the facts and circumstances presented in this case, it was not error for the trial court to conclude that Dr. Fiala's request for an opinion from Dr. Hazlewood as to a particular diagnosis did not constitute a referral for treatment.



**FILED**

**October 19, 2017**

**TENNESSEE WORKERS' COMPENSATION APPEALS BOARD**

**Time: 7:51 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shane Tapley | ) | Docket No. 2016-05-1050 |
| | ) | |
| v. | ) | State File No. 99006-2015 |
| | ) | |
| Transport National, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| A. Allen Grant | | | | | X | agrant@eraclides.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov